IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER BRIAN SANDS, | : | |
| Plaintiff, | : : : | |
| v. | : : | Civ. No. 19-2275-CFC |
| CLAIRE DEMATTEIS, et al., | : : | |
| Defendants. | : | |

---

Christopher Brian Sands, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

May 12, 2020
Wilmington, Delaware

*[signature]*
**CONNOLLY, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Christopher Brian Sands ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 6) He requests counsel. (D.I. 4) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II. BACKGROUND

On October 7, 2019, Plaintiff was placed in SHU[2] 17. He alleges that inmates housed in SHU 17 and 18 are not allowed to attend any religious services or have visits from religious volunteers. (D.I. 3 at 5) Plaintiff alleges that he has no way of "practicing or serving in" his religious beliefs all in violation of the First and Fourteenth Amendments of the United States Constitution, the Establishment Clause, and the Religious Land Use & Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq*.

Plaintiff submitted grievances, acknowledged that his security profile did not allow him to attend religious services or have religious visits, and asked to have a

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. See *West v. Atkins,* 487 U.S. 42, 48 (1988).

[2] The Security Housing Unit ("SHU") houses those inmates who have demonstrated that they cannot be housed in a lesser security and/or whose behavior and history are conducive to maximum security housing. See https://doc.delaware.gov/views/jtvcc.blade.shtml (last visited Apr. 27, 2020).

1

television in his cell to watch religious services on regular broadcast channels.[3] (*Id.*) One grievance was returned as unprocessed "per BOP 4.9 maximum security quality of life." (*Id.*). BOP 4.9 provides that televisions are not allowed in SHU 17 and 18, effective February 2018. (*Id.*) A second grievance was returned unprocessed and advised Plaintiff to contact Defendants Captain Dotson ("Dotson"), who runs SHU; Warden Dana Metzger ("Metzger"), treatment administrator Stacey Hollis ("Hollis"); and chaplain Gus Cristo ("Cristo"). (*Id.* at 5-6) In response, Plaintiff sent letters to Hollis and Cristo and also apparently to Dotson, Defendant Delaware Department of Correction ("DOC") Commissioner Claire DeMatteis ("DeMatteis"), Defendant DOC Bureau Chief Shane Troxler ("Troxler"), and the Governor to make them aware of the policy. (*Id.* at 6) Plaintiff alleges that he has received no replies to his letters. (*Id.*)

Plaintiff alleges that his inability to participate in his religious beliefs is causing him: (1) to lose faith; (2) mental and emotional harm; (3) stress; (4) depression; and (5) physical injury due to sleeplessness and "not eating right." (*Id.*) Plaintiff seeks compensatory damages and injunctive relief for inmates housed in SHU 17 and 18 to have televisions in their cells to practice their religious beliefs.[4] (*Id.* at 8)

---

[3] It is not clear from the allegations if Plaintiff is providing background or attempting to raise a grievance claim due to his dissatisfaction with the grievance process. If his intent is to raise a grievance claim, the claim fails because an inmate does not have a "free-standing constitutional right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)).

[4] Plaintiff clarifies that he is not referring to a television on the tier that forces inmates to listen to different types of religious services. Plaintiff contends this imposes other religions on inmates "which is a violation." (D.I. 3 at 8)

2

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, Plaintiff's pleading is liberally construed and Plaintiff's complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, __ F.3d. __, No. 19-1684, 2020 WL 1982194, at *4 (3d Cir. Apr. 27, 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 2020 WL 1982194, at *4 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

3

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Respondeat Superior

It is well-established that there is no respondeat superior liability under § 1983. *See Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he [ ] neither participated in nor approved"; personal involvement in the alleged wrong is required. *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *see also Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (holding that liability in a § 1983 action must be based on personal involvement, not respondeat superior). Such involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

The Complaint alleges that Metzger—not DeMatteis or Troxler—"makes" policies for SHU. (D.I. 3 at 5) There are no allegations that DeMatteis and Troxler established

5

and maintained a policy, practice or custom which directly caused Plaintiff constitutional harm. Nor are there allegations that they participated in violating Plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations. Accordingly, the claims against DeMatteis and Troxler, will be dismissed for failure to state a claim upon which relief may be granted.

### B. Religion

Plaintiff raises religion claims under the Free Exercise and Establishment Clauses of the First Amendment and RLUIPA. To establish a violation of the Free Exercise Clause, Plaintiff must first show that a prison practice or policy has substantially burdened him in the practice of his religion. *See Robinson v. Superintendent Houtzdale SCI*, 693 F. App'x 111, 115 (3d Cir. 2017) ("The threshold question in any First Amendment or RLUIPA case is whether the prison's challenged policy or practice has substantially burdened the practice of the inmate-plaintiff's religion."); *Washington v. Klem*, 497 F.3d 272, 277 (3d Cir. 2007) ("[T]he Free Exercise Clause of the First Amendment does not impede the enforcement of neutral and otherwise valid laws of general applicability that incidentally burden religious conduct."). The facts alleged in the complaint must show that the prisoner's request for religious services is based on his own sincerely held religious belief. *See Sutton v. Rasheed*, 323 F.3d 236, 250 (3d Cir. 2003) (If a prisoner's request is "not the result of sincerely held religious beliefs, the First Amendment imposes no obligation on the prison to honor that request") (quoting *DeHart v. Horn*, 227 F.3d 47, 52 (3d Cir. 2000)).

The Complaint alleges in a conclusory manner that, because Plaintiff does not have a television in his cell, he is unable to participate in his religious beliefs. The Complaint does not explain how the lack of a personal television impedes Plaintiff's ability to practice his religion. Nor does the Complaint even hint what Plaintiff's religious beliefs might be. Thus, as pled, the Complaint fails to state a First Amendment Free Exercise claim.

Plaintiff's RLUIPA claim fares no better. RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution." 42 U.S.C. § 2000cc-1. To assert a viable RLUIPA claim, Plaintiff must establish that he had a sincerely held religious belief and that a prison policy or official practice substantially burdened his exercise of that belief. *See Holt v. Hobbs*, 574 U.S. 352, 360 (2015). Under RLUIPA, a "substantial burden" is one where: (1) a prisoner is forced to choose between following the precepts of his religion and forfeiting benefits otherwise generally available to other inmates versus abandoning a precept of his religion in order to receive a benefit; or (2) the government puts substantial pressure on an adherent to substantially modify his behavior and to violate his beliefs. *See Washington v. Klem*, 497 F.3d 272, 280 (3d Cir. 2007). The Complaint contains no such allegations to support a claim that Plaintiff's religious beliefs were substantially burdened. Therefore, his RLUIPA claim will be dismissed.

Finally, the Complaint refers to the Establishment Clause. In determining whether governmental action violates the Establishment Clause, the Supreme Court uses a three-prong approach. *See Lemon v. Kurtzman*, 403 U.S. 602, 612-13 (1971). A challenged action is unconstitutional if (1) it lacks a secular purpose; (2) its primary

7

effect either advances or inhibits religion; or (3) it fosters "an excessive government entanglement with religion." *Id.*

The Complaint includes the "label" of the Establishment Clause and then alleges in a conclusory manner that the clause has been violated. In addition, the allegations indicate there is a secular reason why personal televisions are not allowed in an inmate's cell, as they refer to Plaintiff's security classification and the BOP 4.9 "quality of life" policy. Accordingly, the Establishment Claim will be dismissed.

In short, the allegations do not state a claim under the First Amendment, RLUIPA, or the Establishment Clause and, therefore, the claims will be dismissed. However, because it is possible that Plaintiff may be able to articulate a claim against Defendants or name alternative Defendants, he will be given an opportunity to amend these claims.

## V. REQUEST FOR COUNSEL

Plaintiff seeks counsel on the grounds that he does not have the ability to present his case, he is unskilled in the law, the case may turn on credibility determinations, expert witnesses will be necessary, he cannot afford to retain counsel, counsel would serve the best interests of justice, and his allegations if proved true would establish a constitutional violation because he is not allowed to practice his religion. (D.I. 4)

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[5] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d

---

[5] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

8

Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

Several of the *Tabron* factors do not support granting Plaintiff's request for counsel. It is far from clear that Plaintiff's claims have merit in fact and law. In addition, the filings in this case demonstrate Plaintiff's ability to articulate claims. The issues are not complex. Moreover, this case is in the early stages and, as discussed above, there is no viable complaint. Thus, in these circumstances and at this juncture of the case, the Court will deny without prejudice to renew Plaintiff's request for counsel.

## VI. CONCLUSION

For the above reasons, the Court will: (1) deny Plaintiff's request for counsel without prejudice to renew (D.I. 4); (2) dismiss the Complaint pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii) and § 1915A(b)(1) for failure to state claims upon which relief may be granted; and (3) give Plaintiff leave to file an amended complaint.

An appropriate order will be entered.