# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER BRIAN SANDS, | : |
| Plaintiff, | : |
| v. | : Civ. No. 19-2275-CFC |
| WARDEN DANA METZGER, et al., | : |
| Defendants. | : |

Christopher Brian Sands, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

May 4, 2021
Wilmington, Delaware

*[signature]*

**CONNOLLY, U.S. District Judge:**

**I.    INTRODUCTION**

Plaintiff Christopher Brian Sands, an inmate at the James T. Vaughn Correctional Center (JTVCC) in Smyrna, Delaware, filed this action alleging violations of the First and Fourteenth Amendments of the United States Constitution under 42 U.S.C. § 1983, the Establishment Clause, and the Religious Land Use & Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq.*[1] (D.I. 3) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) The original Complaint was dismissed upon screening and Plaintiff was given leave to amend. (D.I. 8, 9) An Amended Complaint was filed on July 2, 2020. (D.I. 12) The Court proceeds to review and screen the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(a).

**II.   BACKGROUND**

The following facts are taken from the Amended Complaint and assumed to be true for screening purposes. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff was transferred to SHU[2] 17 on October 7, 2019, following a disciplinary write-up. (D.I. 12 at 5) Unlike inmates housed in the general population or

---

[1] The constitutional violations arise under 42 U.S.C. § 1983. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] The Security Housing Unit ("SHU") houses those inmates who have demonstrated that they cannot be housed in a lesser security and/or whose behavior and history are deemed to require maximum security housing. *See* https://doc.delaware.gov/views/jtvcc.blade.shtml (last visited Apr. 1, 2021).

1

"compound," inmates housed in SHU are not allowed to attend religious services. (*Id.*) Plaintiff attended religious services and bible study when he was housed in the compound. (*Id.*)

JTVCC inmates can watch religious services broadcast by Institution Channel 19 on television in their cells. (*Id.*) Effective February 2018, and prior to Plaintiff's transfer to SHU 17, Defendant Captain Dodson, who is in charge of SHU, banned televisions in SHU 17 and 18. (*Id.* at 6) The new policy did not affect inmates in Buildings 19, 21, 22, and 23. (*Id.*) Warden Metzger approved the television ban. (*Id.*)

Plaintiff complained about the television ban in writings sent to Dotson and Metzger and was told that he should have thought of the consequences of being housed in SHU before he committed the infraction that caused his transfer there. (*Id.* at 6) Plaintiff also complained in writings sent to Defendants Stacey Hollis, JTVCC treatment administrator, and Gus Christo, JTVCC facility chaplain, neither of whom responded. (*Id.*).

At some point after Plaintiff filed his initial complaint but before he filed his Amended Complaint (the date was not provided), Plaintiff was transferred to SHU 19 where he is able to attend weekly religious services by watching Channel 19 on his own television. (*Id.* at 7) Thus, from October 7, 2019 until his transfer to SHU 19, Plaintiff was unable to practice his religion due to the television ban in his cell and because the tier did not have a television for inmates to watch religious services. (*Id.*)

Plaintiff seeks injunctive relief and compensatory damages. (*Id.* at 8)

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

3

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps:  (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that,

4

because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

Plaintiff named Hollis as a defendant because "she is in charge of all inmate treatment and programs." (D.I. 12 at 9) He named Christo as a defendant because "he is the facility chaplain and has a say in everything pertaining to religious services." (*Id.*) Plaintiff states that "neither [Hollis nor Christo] wrote back to him or help[ed] change the situation." (*Id.*)

To the extent Hollis and Christo are named as defendants based upon their supervisory positions, the claims fail. It is well-established that there is no respondeat superior liability under § 1983. *See Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he [ ] neither participated in nor approved"; personal involvement in the alleged wrong is required. *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *see also Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (holding that liability in a § 1983 action must be based on personal involvement, not respondeat superior). Such involvement may be "shown through allegations of personal direction or

5

of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

There are no allegations that Hollis and Christo directly caused Plaintiff constitutional harm or that they directed others to violate Plaintiff's rights.  Any failure on their part to respond to Plaintiff's letters is not a violation of Plaintiff's constitutional rights.  *See Davis v. Correctional Med. Services*, 436 F. App'x 52 (3d Cir. 2011) (affirming dismissal of claim that prison official who did not respond to a letter written by inmate failed to allege a constitutional violation).  Therefore, the claims against Hollis and Christo will be dismissed.

Similar to the original Complaint, the Amended Complaint includes the labels of the Fourteenth Amendment and the Establishment Clause under the First Amendment.  Plaintiff alleges their violations in a conclusory manner violations without factual support.  The Amended Complaint does not plead facts sufficient to show that either claim has substantive plausibility.  Therefore, the claims will be dismissed.

Liberally construing the allegations in the Amended Complaint, Plaintiff has stated what appear to be First Amendment free exercise and RLUIPA cognizable claims against Warden Dana Metzger and Captain Dotson.

## V.   CONCLUSION

For the above reasons, the Court will:  (1) dismiss the Fourteenth Amendment and First Amendment Establishment Clause claims; (2) dismiss Defendants Stacey Hollis and Gus Christo and the claims against them pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1); and (3) allow Plaintiff to proceed against Defendants

Warden Dana Metzger and Captain Dotson on the First Amendment free exercise and RLUIPA claims.

An appropriate order will be entered.